The next case call for oral argument is Bayview Loan Servicing v. Nelson v. Neville. Counsel? Thank you, Your Honor. May it please the Court? Counsel? My name is Thomas Magg and I represent Jeff Nelson. This case concerns the Fair Debt Collection Practices Act and one distinct subset of it, that being the statute of limitations. Mr. Neville, who is the attorney here today for the other side, is in fact the named third-party defendant. The crux of the case is that a violation of the Federal Fair Debt Collection Practices Act was made in this case and a third-party complaint was filed against Mr. Neville. The trial court dismissed the third-party complaint on statute of limitations grounds. There is no dispute that the Fair Debt Collection Practices Act has a one-year statute of limitations. That is the only thing we're here to talk about today. The trial court found that the continuing violation doctrine did not apply and that there was no equitable reason to withhold the one-year statute of limitations. As such, the trial court dismissed the third-party action and certified the dismissal pursuant to Rule 304. That's the reason we're here today. There are no U.S. Supreme Court cases that address this issue. Likewise, it appears that the Illinois Supreme Court has not addressed the Fair Debt Collection Practices Act in this context. There appear to be no Illinois appellate court cases that address what we're talking about here today. And it appears that there are no Federal appellate court cases directly on board. What we have is various Federal trial court orders which have been cited but which, even in the Federal system themselves, are not present. And that's pursuant to the Seventh Circuit decision in Howard v. Walmart. Thus, we really do, at an appellate level, have a case of first impression here today. The argument that I would make concerning the one-year statute of limitations is twofold. First, and I think is the simplest, is that the mere fact that there was a violation under the Fair Debt Collection Practices Act more than one year before the filing of the third-party action in this case does not prevent the filing of a Fair Debt Collection Practices Act case for a violation that has taken place within one year. The policy of the Fair Debt Collection Practices Act is to prevent abusive debt collection procedures. If, as the other side will argue and has argued in the brief, the statute of limitations on all violations starts to run at the occurrence of the first violation, what you are doing is giving license to debt collectors to make some technical violation of the Act early on. And if the case does not promptly go their way and is still pending a year or more out, that they are free to disregard the statute in any way, shape, or form they want. That is the inevitable conclusion of finding that the first violation of the Fair Debt Collection Practices Act starts the statute of limitation as to all violations of the Fair Debt Collection Practices Act. You mean that they could continue to violate it not outside the context of the litigation? I mean, is the continuing tort or violation is the continuance of the lawsuit in your case, isn't it? In my particular case, there are two fundamental violations. The first is the continuation of the lawsuit with no good basis for it existing. And the second is the false statements made in the lawsuit itself by Mr. Neville, including his own sworn affidavits, arguments made to this court in the prior appeal of this case. But regardless, the inescapable result is whether or not there is even a case on file. Under Mr. Neville's argument and under the trial court's decision, once a violation is taking place and once the one-year statute of limitations or the once a one-year time period is elapsed after that, it doesn't matter what the debt collector does. Even within one year of filing that lawsuit. You mean even outside the litigation? Even outside the litigation. Well, go ahead. That's not what I say the law should be. That is what his argument and what the trial court found. It is my client's position that twofold. One, under the continuing violation doctrine, you should reach back. As long as the violations continue and something that is actionable takes place within a year, you can reach back to the beginning. And even if that took place more than a year ago, that should remain actionable. And the U.S. Supreme Court, in the possible work environment context of National Railroad Passenger Court v. Morgan, has stated that concept with approval in other federal actions. Admittedly, it wasn't a fair debt collection practice in that case, but it is in the body of federal law by the U.S. Supreme Court. As this court is well aware, Illinois has long applied the continuing tort doctrine or continuing violation doctrine. And cases to that effect are cited in the brief. If the court is not inclined to adopt the continuing violation doctrine in the fair debt collection practice in that case, in that context, at a minimum, anything that takes place within the year before the action is actually filed should remain actionable. Otherwise, you're giving free license to debt collectors to do whatever they want as long as they want and as long as they got away with it during the first year, they can continue to violate the statute at will if they weren't sued within the one year. You're contending in this case that the filing of this lawsuit is a violation of the Fair Debt Collection Act. I'm not sure that by itself the filing of the case itself is a violation of the Act. But what I do believe is a violation of the Act is the continuing false statements made by counsel to the court, this court and the trial court, including his own affidavits, not affidavits by his client, but affidavits by the attorney himself. But what have you pled? Did you plead that the filing of the lawsuit was a violation of the Act? I pled that it was part of the violation of the Act. And why not, when you're served with subpoena with the lawsuit, that you're not on notice that the violation has occurred and you would just simply file it and then collect damages for anything that happens during the lawsuit, including the alleged false pleadings? In direct answer to your question, why could it not have been filed when my client was originally sued? Because my client didn't know who owned the mortgage. And as this court found in the previous appeal on this case, the plaintiff in that case did not own the mortgage. And my client didn't even know that at the time. In fact, though it's not in the record, I don't believe Mr. Neville was even aware of who really did own the mortgage at the time. We didn't get to the discovery, he said. But it's my understanding, based on other litigation, that he just goes and files a lawsuit without having any knowledge whatsoever of whether anything he puts in there is true or not. And I believe that I would be able to prove that. The issue is not whether or not, though I've stated, a violation of the Fair Debt Collection Practices Act. The issue before the court is solely limited to the statute of limitations. It was a 619 motion, not a 615 motion. And of course, it may remain for another day whether or not a cause of action has been stated, whether we can get past a summary judgment motion on the fact, whether or not the fact finder would ultimately agree with the pleadings in the case. But as to whether or not the statute of limitations applies, both under the continuing tort doctrine and as a matter of policy, at least the acts that took place within a year of filing the third-party complaint should be actionable within the one-year statute of limitations under the Fair Debt Collection Practices Act. Let me acknowledge to you that in 34 years I've never looked at this statute, never had a case, ever. So this is really new territory for me. Yes, Your Honor. All of the other jurisdictions that have been cited by Mr. Nelson indicate that a new violation does not start a new period of limitations. Every case cited by counsel is a federal trial court order. He has cited no appellate authority whatsoever for that proposition. It would be the equivalent of arguing to this court that every judge in the Circuit Court of Jefferson County has ruled this way in the past, therefore the appellate court should adopt this. Did this trial judge, who is an excellent trial judge, reference any case supporting his reasoning for granting the dismissal? I think he relied upon the trial court orders cited by Mr. Nelson. As binding authority or as to their persuasive authority? Even in the federal system, it is not binding authority. That's Howard v. Walmart, Seventh Circuit. It is illustrative in the federal system. In this court, the court can consider it, but it is clearly not binding on this court. Furthermore, even if it was a Seventh Circuit appellate court decision, it would not be binding on this court, per the Illinois Supreme Court's statements, that the Seventh Circuit does not exercise appellate jurisdiction over the state courts of Illinois. If it was a United States Supreme Court decision that counsel had cited, yes, that would be binding, but then we wouldn't be here today. Your client is not left without a remedy. There are sanctions within a civil proceeding for filing false affidavits. There are malicious prosecution suits. There are other remedies. A malicious prosecution suit cannot be filed until a successful resolution of the case on the merits. The case remains pending. As far as sanctions go, I'll be candid with the court. It is almost impossible to get a sanctions order entered in favor of any sanctions order entered in the circuit courts of this court that I've been able to see. That's a tough one for us to put down in writing, as you well might imagine. If it's on the books, it's possible. Well, good experience talking, but it's still in there. It's still there. It's still available. But I appreciate your point. And unless there's any further questions, I'll address this court again on rebuttal. Thank you, counsel. Counsel? Good morning. May it please the court, counsel. We start with a statute of limitations that's in pretty plain English that says, right on its face, in pertinent parties, within one year from the date on which the violation occurs. This is a 2004 mortgage foreclosure action. It was filed for a default in mortgage payments. There's never been a dispute that there was a default in payments. I'm going to stick to the statute of limitations issue and the dismissal under 2619, which is the appropriate vehicle, as far as I can tell, because it specifically references statute of limitations. I'm going to start out with the case law that I cited that was adopted by the court. I recognize that it's not binding on Judge Sutton. I recognize that it's not binding on this court, but it makes sense. And the reason that there isn't more case law out there is because the statute is so clear. There's a one-year statute of limitations. What counsel wants you to believe is that every day that the loss exists constitutes a new violation. That would be like a personal injury case where it doesn't stem from the date of the accident or the occurrence of the alleged injury. It's every day that I'm injured, I'm still hurt. It's a new violation. So it doesn't expire. It would render the statute meaningless to adopt counsel's argument. But as my brief makes clear and my motion made clear, it's not about, gee, we're trying to remedy or stop a debt collector from running amok here. I filed thousands of mortgage foreclosure actions across the states over the years. This is just a barren variety of mortgage foreclosure action that is still pending since 2004. The filing of the Fair Debt Collection Practices Act, five years after the fact of the initial filing, only makes sense in the context that this is attacked. Let's attack the attorney. Let's make the attorney suffer, make him drive 10 hours to come up and back to county because I'm in Lake County is where I live. If you think about it in that context, that every day is a continuing violation, then the filing of this case five years after the foreclosure action was pending, heavily litigated, it's still pending, hasn't been resolved. But what counsel wants you to believe is that we're saying his case is a loser and therefore there's a fair debt violation every day until his case goes away or he voluntarily dismisses it. Because what would be the option? What would be the alternative? But dismiss the case to stop the fair debt violation. That's not in the cards because they're still pending the mortgage foreclosure action. Now, counsel keeps referring back to false statements, false affidavits. I'm still not sure what false statements, aside from the generalized wrongful foreclosure. But if you talk about when the statute starts in this case, look at Mr. Mack's brief, page 6, originally brought in proper foreclosure action in 2004. That's in his first paragraph of his argument. So it starts in 2004. There can be no other except to say every day is a new violation. And there's no case authority. As a matter of fact, one of the arguments that Mr. Mack makes is that, oh, the federal courts are not in accord on this issue, meaning the cases that I cited, there's contract cases that say, oh, no, it is a continuing violation. Every day is a new violation. He hasn't cited a single case. He hasn't cited any authority. He talks about, if I may, a hostile work environment issue, retaliatory discharge issues, nuisance and trespass cases, collection actions. This isn't any of those. This is a mortgage foreclosure action with a finite date of filing and a date that the case is still pending. What date do you believe the statute starts to run on? November 22, 2004, when the original mortgage foreclosure case was filed for any purported violation. Why not the date of service? It doesn't make any difference at this point. But, I mean, I suppose our argument would be that's when we first found out about it. But the fact talks about when the date of the violation occurs. Statute of limitations, limitations period, have meaning. If I don't file a notice of appeal within the 30 days, it doesn't continue to exist because I still have my cause of action. It's got to fall. There has to be meaning to it. It has to be effective. In this case here, this is just a tactic. It's a tactic to punish the plaintiff, like this counsel, because we haven't capitulated or whatever they want in the case below. That still has yet to be resolved. And I will point out that the sole basis of that case pending, again, there was an appellate court ruling where the assignment of mortgage that was filed after the case was, when the foreclosure case started, had the wrong rubber stamp on it. Now, as I stand here, I don't recollect that this is the same panel that heard that case. But having said that, Mr. Mann refuses to acknowledge that that case would have been dismissed because they paid us off, they redeemed, but for the appeal. And the reason that the case didn't fall at that point or wasn't dismissed at that point was because if he would have prevailed in the appeal, which in fact happened, we would have had no collateral had we released the mortgage, which is what they're demanding. That's part of their case below is demanding a release fee. But then we'd be left with no collateral. It's also telling that it's pretty much, by my estimation, lip service that, oh, it's a wrongful foreclosure, because the redemption money, we've offered to give it back to him and re-litigate and start over because we've corrected the assignment of mortgage with the amended complaint. I will point out below, and the appellate court felt that it was an argument de novo, was that the fact was it was not raised, the erroneous stamp on the assignment of mortgage was not raised by counsel, not this attorney, was not caught by myself, not caught by the trial judge, and in fact, there was a full hearing on the amount to redeem. It was redeemed, and that should have been the end of the case. How do you counter this argument that a violation perhaps occurs, a year goes by, no suit's filed, and then numerous violations are alleged by the debt collector? That's simple. What he's talking about is a debt collector where he calls every day on the phone and screams, you better pay the money or we're going to go ahead and do this, that, and the other thing. That isn't the case. And in those cases, that might be the case. That might be, okay, it's a new violation. New cause of action. It might be. It might be because it happened, a new violation. In this case here, it's just the fact that the filing of the lawsuit he is alleging is a violation of fair debt, only by the mere filing of it. Why? It's wrongful because it's going to be a loser. What other action could there be? There's no dispute that there was no default in payments. There's Supreme Court Rule 137 sanctions if, in fact, it finds out that there's a false pleading or a false affidavit, which I'm not aware of, but he refers to. It's just generalization. But I understand what you're saying. This isn't a case of an unscrupulous. This is a case of a licensed attorney filing a lawsuit on behalf of a client, and the default in the payments has not been disputed. We've offered the money back. They've refused to take the money back because they want the interest to be right. They know the money got to the right place. They know that the mortgagee was paid. We corrected the assignment after the fact and when we realized this is going to be nothing but litigation, nothing but a continuation of running up the costs in order to get literally what they claim are millions of dollars in damages for the wrong stamp, rubber stamp, on the assignment mortgage. That was since corrected. So having said that, this isn't a case of, gee, we're calling, we're harassing, we're, oh, it's a freebie now because the one-year statute has passed. That isn't the case. This is, we are proceeding with a lawsuit because there is still an indebtedness outstanding. I will point out one thing, though, that is being raised down below. It's one of the defenses to his counterclaim against the plaintiff, Bayview, is that under 15-1208, not only is it the holder of the mortgage, that is the mortgagee that can file, but I will point out that the designated or authorized representative to act on their behalf can be the plaintiff. Well, even if, before the main trading head. That goes to the underlying. I agree it does. But my point is that that goes to the underlying violation, supposedly. Having said that, if you accept the argument that every single day is a new violation, then there's the statute of limitations as it underpins. The court was clearly adopting the reasoning in those other cases that they make evident sense and they aren't directly on the point. I could quote the cases, but they're in the brief. They were even at the same motion. They say what needs to be said, that every day is not a violation. It's the date of the original violation as the statute says. Thank you. Thank you, Counsel. Counsel? Let me ask you this. Now, you indicated your client did not know on the date she was served that she had notice of the lawsuit and was served with it that she was the wrong party had sued her. Yes, sir. But you had a year to find that out under this. You don't have to know that day. You've got one year to find that out. Why isn't that sufficient to protect your client? Well, that supposes that the only portion of this claim is for the mere filing of the lawsuit. If the only violation were the filing of the lawsuit, in a well-managed docket that should take place, and I don't recall candidly whether or not it was ultimately disclosed in that first year or not, presuppose that it was. At that point, Counsel should have also known he's got the wrong plaintiff. He shouldn't be signing affidavits filing with the court saying, yes, the plaintiff in this case owns the mortgage. He shouldn't be coming into court saying, yes, Judge, I'm entitled to costs and attorneys' fees and penalties for my client because Mr. Nelson is in the fault against the plaintiff in this case. Bayview Home Servicing Company didn't own the mortgage. Mr. Neville filed affidavits stating that it did. Mr. Neville made arguments to courts saying, yes, it did. The simple fact of the matter is those facts weren't true. Those facts took place over and over and over again. Your purpose of putting your client on notice, this isn't something that's his. She signed a loan with somebody in particular. But not any Bayview entity. Well, why didn't she know that? She signed a paper. My client signed a loan with Old National Bank. Old National Bank apparently sold the loan to a Bayview entity. My client is contacted out of the blue by somebody who says, I bought your loan, pay me. My client goes to Old National Bank and says, hey, did you sell the loan? They tell him they didn't sell it. So he asks Bayview, send me something that says you own it and I'll pay you. And they refuse to do that. That's all outside the scope of what they are. That's right, but that all happens within a year. So, I mean, just from a practical, I mean, we're trying to find a good public policy as to when to start this statute of limitations. Sure. And it sounds like from what even you're saying, somebody would be on notice there's a violation here within a year. Well, I don't know that there's a violation merely by receiving a letter in the mail that says we bought your mortgage, please pay us. I don't think that's wrong at all. No, you're not contending that you're saying filing a lawsuit is, Dr. Levin. I'm not sure that the mere filing of the lawsuit without more would be actionable. I put that in my brief. It's the filing of the lawsuit coupled with the conduct of Mr. Neville that is the problem. And it's on page 9 where I put, quote, in fact, it's doubtful that merely filing the 2004 closure action, comma, without more, comma, would have been actionable. I'm not convinced that merely filing a lawsuit and serving it at that point is actionable under the Fair Debt Collection practices. It might become actionable based on what happens subsequent. And that's what we're arguing here today is based on what actually happens subsequent, my client has a cause of action. But I think if Mr. Neville had simply filed the lawsuit, served my client, then ultimately gotten all the documents together and said, oops, my mistake in taking corrective action, there probably wouldn't be any action under this statute. But that's all issues that can be addressed, assuming that Your Honors find that the statute of limitations has not expired. Unless Your Honors? I don't think there are any further questions. Thank you. Thank you, Counselor. I'm sorry, did you have a question? No, I just said thank you. Okay. Okay. There are no, we will appreciate the brief.